UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICA LEAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-4107 |
| | ) |
| LOUIE GLOSSIP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights at the Knox County Jail ("Jail"). (Doc. 1).

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff identifies the following Defendants: Jail Administrator Louie Glossip, Brad Abernathy, Advanced Correctional Healthcare, Inc., the Knox County Sheriff's Office, the Knox County Board, and MSI Mechanical Services, Inc.

Due to black mold in the Jail, Plaintiff alleges she developed a persistent cough, swollen glands, ovarian cysts, a lump in her throat, unbearable migraines, an allergic reaction, and sores on her skin, which have left scars. Plaintiff claims Defendants hired a non-certified mold contractor that failed to remove the black mold effectively.

## ANALYSIS

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give each defendant fair notice of what the claim against him is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff has a Fourteenth Amendment right to humane conditions of confinement. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). To state a conditions-of-confinement claim, a detainee must allege and, eventually, prove that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly as to the conditions of the detainee's confinement" and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352–54 (7th Cir. 2018)).

An official's response to a particular condition may be reasonable even if the response fails to avert the harm. *Cullom v. Dart*, 2020 WL 7698366, at *2 (N.D. Ill. Dec. 27, 2020) (internal citations omitted). "[T]he reasonableness of the defendant's conduct must be evaluated based upon

the totality of the circumstances and with appropriate deference to jail administrators' evaluation of safety and security concerns." *Id.*; *Brown v. Dart*, 2021 WL 4401492, at *3 (N.D. Ill. Sept. 25, 2021).

Plaintiff alleges the presence of black mold in the Jail and acknowledges efforts to address the situation, which she claims were deficient. However, Plaintiff has not alleged how the named Defendants were personally involved. Plaintiff cannot sue supervisory officials because of their overarching managerial responsibilities. *Ashcroft*, 556 U.S. at 676. The officials must be personally involved in the alleged constitutional deprivations to be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff has not provided facts that show or permit the Court to infer how anyone was personally involved in the alleged constitutional deprivations. Aside from naming Defendants Glossip and Abernathy in the caption of her filing and noting their respective titles, Plaintiff does not mention them again in her complaint.

Similarly, because Plaintiff does not state a claim against any of the individual Defendants in their official capacities, she also does not state plausible claims against the Sheriff's Office or Board. *See Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) ([A] county in Illinois is a [proper] party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity.").

As to Defendants Advanced Correctional Healthcare and MSI Mechanical Services, "the *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and

practices."); *Iskander v. Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying § 1983 to private corporations).

However, a *Monell* claim "depend[s] on proof of an underlying constitutional violation," which Plaintiff has not established. *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (holding that the plaintiff's municipal liability claim failed as a matter of law because he "failed to present evidence supporting an underlying violation"). Therefore, Plaintiff does not state a *Monell* claim.

Plaintiff's complaint is dismissed for failure to state a claim. Plaintiff is given leave to file an amended complaint within 30 days. The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to her initial filing and must contain all claims against all Defendants. In other words, Plaintiff's amended complaint must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

ENTERED:    10/19/2023

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge